IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **STACEY GONZALEZ**, *et al.*,<br><br>                              **Plaintiffs,**<br><br>         v.<br><br>**CITY OF PHILADELPHIA**, *et al.*,<br><br>                              **Defendants.** | **CIVIL ACTION NO. 18-5029** |

**MEMORANDUM OPINION**

**Rufe, J.**                                                          **September 16, 2020**

Two Philadelphia police officers bring this action against the City of Philadelphia and individual officers of the Philadelphia Police Department, alleging religious discrimination.[1] Plaintiffs seek leave to file a second amended complaint. Defendants oppose the motion and have moved to strike the second amended complaint. For the reasons stated below, Plaintiffs' motion will be granted in part and denied in part, and Defendants' motion to strike will be denied.

**I.       BACKGROUND**

Officers Stacey Gonzalez and Pavel Reznik, who are Jewish, filed this action on November 20, 2018.[2] The Complaint included allegations of anti-Semitic comments and disparate treatment as compared to non-Jewish officers.[3] The original Complaint contained three

---

[1] Amend. Compl. [Doc. No. 10] ¶¶ 3–5, 13–15. The third Plaintiff in this matter, Officer Pavel Reznik, has settled his case with Defendants. [Doc. No. 30] at 5.

[2] *See generally*, Original Compl. [Doc. No. 1].

[3] *See id.* ¶¶ 16, 21.

claims: a claim for civil rights violations under 42 U.S.C. § 1983, a claim that the City was liable for this discrimination,[4] and a claim alleging a civil rights conspiracy under 42 U.S.C. § 1985.[5]

Plaintiffs filed their First Amended Complaint on April 4, 2019, and added an additional Plaintiff, Dimitry Soroka.[6] The First Amended Complaint did not add any additional factual allegations related to Plaintiffs Gonzalez and Reznik and added no additional legal claims. The case proceeded to discovery.

In October 2019, Plaintiffs Gonzalez and Soroka[7] filed complaints with the EEOC.[8] They received right-to-sue letters on November 5, 2019.[9] Ninety days later, Plaintiffs moved to amend. The proposed Second Amended Complaint removes Plaintiff Reznik, adds claims under Title VII[10] and the Pennsylvania Human Relations Act (PHRA),[11] adds an additional Defendant, Sergeant Debra Wilson, and adds factual allegations that Plaintiffs were retaliated against for filing this action. The proposed Second Amended Complaint leaves unchanged the allegations of discrimination and the § 1983 and § 1985 claims.

---

[4] *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978).

[5] *See* Complaint [Doc. No. 1] ¶¶ 23–40.

[6] *See* Amend. Compl. [Doc. No. 10].

[7] The third Plaintiff, Officer Reznik, settled his case with Defendants.

[8] *See* Proposed Second Amend. Compl. [Doc. No. 30-1] ¶¶ 19, 24; *see also* Mot. for Leave, Ex. 2 [Doc. No. 30-2] at 22, 23.

[9] Mot. for Leave, Ex. 2 [Doc. No. 30-2] at 22, 23.

[10] 42 U.S.C. § 2000e, *et seq.*

[11] 43 Pa. Stat. § 951, *et seq.*

2

## II.     LEGAL STANDARD

Under Federal Rule of Civil Procedure 15(a), a court "should freely give leave" to amend a complaint "when justice so requires." [12] A court should "generally" grant leave to amend "unless equitable considerations render it otherwise unjust."[13] Denial of leave can be based on factors such as "undue delay, bad faith, and futility,"[14] and the court may also consider other equities "such as judicial economy/burden on the court."[15] However, the touchstone in this analysis is "prejudice to the non-moving party."[16]

## III.    DISCUSSION

The proposed Second Amended Complaint adds claims under Title VII and the PHRA, allegations of retaliation, and an additional Defendant.[17] Defendants argue that leave to amend should be denied because the new claims would be futile and because they would be prejudiced by Plaintiffs' undue delay in amending the complaint.

### A.  Leave to Amend should not be Denied as Futile

Defendants argue that amendment would be futile because the new claims are untimely and without merit.[18] In assessing a proposed amendment for futility, the Court "applies the same

---

[12] Fed. R. Civ. P. 15(a)(2).

[13] *Arthur v. Maersk, Inc.*, 434 F.3d 196, 204 (3d Cir. 2006).

[14] *Id.*

[15] *Mullin v. Balicki*, 875 F.3d 140, 150 (3d Cir. 2017).

[16] *Id.* (quoting *Arthur*, 434 F.3d at 204).

[17] Proposed Second Amend. Compl. [Doc. No. 30-1] ¶¶ 20, 25, 46–53. The Proposed Second Amended Complaint also contains a claim by Plaintiff Gonzalez for interference with rights under the Family Medical Leave Act, 29 U.S.C. § 2601, *et seq.*, but that claim has since been withdrawn. *See* Pl. Resp. in Opp. Mot. to Strike [Doc. No. 36] at 8. Plaintiff Soroka has also withdrawn his claims against Defendant Corporal Church. *Id.*

[18] *See* Def. Mot. to Strike [Doc. No. 32] at 6–17.

standard of legal sufficiency as applies under Rule 12(b)(6)."[19] For a claim to survive, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[20] The Court may consider "only those facts alleged in the complaint, accepting the allegations as true and drawing all logical inferences in favor of the non-moving party."[21]

In Pennsylvania, an employee has 300 days from the alleged act of discrimination to file a charge with the EEOC,[22] and discrete acts of discrimination prior to the 300-day filing period are time-barred.[23] Plaintiff Gonzalez alleges no discriminatory acts within the filing period in the proposed Second Amended Complaint.[24] Therefore, her claims under Title VII and PHRA are untimely and amendment would be futile. Plaintiff Soroka, however, does sufficiently allege a discriminatory act occurring within the filing period.[25] This timely act, combined with the other allegations, plausibly states a claim for discrimination, and amendment as to Plaintiff Soroka's discrimination claims would not be futile.[26]

---

[19] *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000).

[20] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[21] *Williamson v. City of Philadelphia*, 169 F. Supp. 3d 630, 632–33 (E.D. Pa. 2016).

[22] *See Mandel v. M & Q Packaging Corp.*, 706 F.3d 157, 165 (3d Cir. 2013), 42 U.S.C. § 2000e-5(e)(1). Discrimination claims under Title VII and the PHRA are analyzed in the same manner. *See Gomez v. Allegheny Health Servs., Inc.*, 71 F.3d 1079, 1084 (3d Cir. 1995).

[23] *See Mikula v. Allegheny Cty. Of PA*, 583 F.3d 181, 183 (3d Cir. 2009). Plaintiffs filed charges with the EEOC in October of 2019, Proposed Second Amend. Compl. [Doc. No. 30-1] ¶¶ 19, 24, so the earliest possible date within the filing period is December 5, 2018.

[24] The most recent act of discrimination alleged by Plaintiff Gonzalez occurred prior to the 2018 Memorial Day potluck. *See* Proposed Second Amend. Compl. [Doc. No. 30-1] ¶ 17.

[25] Plaintiff Soroka alleges that "[i]n 2019 during a money collection for the League of Sacred Heart, it was relayed to Plaintiff Soroka that Corporal Glen Fedon stated 'even Soroka gave money, and he's Jewish!'" *Id.* ¶ 23. Plaintiffs do not suggest that Plaintiff Gonzalez and Soroka worked in the same precinct. There are also no allegations suggesting that either Plaintiff knew of any comments or actions made against the other.

[26] Acts of discrimination occurring prior to the filing period may show a continuing practice of discrimination and time-barred acts of discrimination may be relevant as "background evidence in support of a timely claim." *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113, 117 (2002).

Plaintiffs' proposed Second Amended Complaint also adds factual allegations of retaliation.[27] To plausibly state a claim for retaliation under Title VII,[28] a plaintiff must plead "sufficient factual allegations to raise a reasonable expectation that discovery will reveal evidence of the following elements: (1) she engaged in conduct protected by Title VII; (2) the employer took adverse action against her; and (3) a causal link exists between her protected conduct and the employer's adverse action."[29]

Although Plaintiff Gonzalez's discrimination claim under Title VII is time-barred, the filing of this religious discrimination action is conduct protected under Title VII.[30] Plaintiff Gonzalez alleges that after filing of this action, she was refused a steady beat assignment, her paperwork was not processed in a timely manner, and she was not given access to sign on to her Mobile Data Terminal.[31] Plaintiff Gonzalez also alleges that while this was occurring, Defendant Wilson and others knew that she had filed this action and co-workers referred to her as "the one

_____

Defendants argue that the 2019 comment is insufficient to state a claim for a hostile work environment and that the incidents alleged are not sufficiently linked to constitute a continuing violation. Def. Mot. to Strike [Doc. No. 32] at 12–15. But the court must accept as true all allegations presented in the complaint and draw all inferences in favor of Plaintiff.

[27] The proposed Second Amended Complaint does not add any specific claims for retaliation. However, the Court will interpret the broad claims of "Violation of Title VII" and "Violation of the . . . PHRA" as containing both discrimination and retaliation claims. *See* Proposed Second Amend. Compl. [Doc. No. 30-1] ¶¶ 46–53. There is no indication that Plaintiffs are claiming First Amendment retaliation under § 1983 for filing this action or any discrimination complaints. *See id.* ¶¶ 28–40.

[28] PHRA uses the same framework as Title VII for retaliation claims. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 792 n.9 (3d Cir. 2016).

[29] *Id.* at 789 (3d Cir. 2016).

[30] It is not clear from the complaint as to whether the EEOC charge was sufficient to exhaust administrative remedies for claims of retaliation under Title VII and the PHRA. *See, e.g,. Johnson v. Chase Home Fin.*, 309 F. Supp. 2d 667, 672 (E.D. Pa. 2004). But the Court must draw all inferences in favor of Plaintiffs and will assume that the factual allegations of retaliation occurring prior to October 2019 were included in the EEOC charge.

[31] *See* Proposed Second Amend. Compl. [Doc. No. 30-1] ¶ 20.

5

who is causing trouble with the lawsuit."[32] Plaintiff Gonzalez has plausibly alleged a causal link between the lawsuit and these actions, which are of the type that a factfinder could reasonably determine were calculated to have "dissuaded a reasonable worker from making . . . a charge of discrimination."[33] Amendment as to Plaintiff Gonzalez's claims for retaliation under Title VII and PHRA would not be futile. Plaintiff Soroka also alleges continued harassment and discrimination.[34] But these allegations contain no facts that could plausibly establish a causal link to this discrimination action. Amendment as to Plaintiff Soroka's claims of retaliation under Title VII and PHRA would be futile.[35]

Finally, Plaintiffs' proposed Second Amended Complaint adds Sergeant Debra Wilson as an additional Defendant. The only allegations involving Defendant Wilson are those related to Plaintiff Gonzalez's retaliation claims under Title VII and PHRA.[36] Amendment as to adding Defendant Wilson as a defendant on all other claims except Plaintiff Gonzalez's retaliation claim would be futile.

## B. Leave to Amend should not be Denied for Undue Delay or Prejudice

Defendants argue that Plaintiffs waited too long to amend. However, "[d]elay alone is not sufficient to justify denial of leave to amend."[37] Leave to amend should only be denied when the delay placed an "unwarranted burden on the court" and "an unfair burden on the opposing

---

[32] *Id.* ¶ 20.

[33] *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006).

[34] *See* Proposed Second Amend. Compl. [Doc. No. 30-1] ¶ 20.

[35] Defendants also argue that amendment should be denied as to Claims I–III of the Proposed Second Amended Complaint. Def. Mot. to Strike [Doc. No. 32] at 7–10. These claims were part of the First Amended Complaint, which Defendants answered, *see* [Doc. No. 12], and are not properly contested in opposition to a motion to amend.

[36] *See* Proposed Second Amend. Compl. [Doc. No. 30-1] ¶ 20.

[37] *Arthur v. Maersk, Inc.*, 434 F.3d 196, 204 (3d Cir. 2006).

party."[38] Additionally, "the question of undue delay requires that we focus on the movant's reasons for not amending sooner."[39]

Defendants argue that Plaintiff knew of all the factual allegations in the proposed Second Amended Complaint as of August 2019 and had no justification to wait until February 2020 to move to amend.[40] But Plaintiffs were required to exhaust their administrative remedies by filing a discrimination charge with the EEOC and Plaintiffs moved to amend within the 90-day statute of limitations after receiving the right-to-sue letter.[41] Additionally, Plaintiff alleges that the retaliation is ongoing.[42] The Court finds that the "delay was neither so egregious nor unexplained as to warrant refusal of leave to amend."[43]

In determining if a party will be prejudiced, courts consider whether allowing amendment would "result in additional discovery, cost, and preparation to defend against new facts or new theories."[44] Defendants note that "the parties have conducted extensive discovery" and argue prejudice because of the "over one year" spent "defending itself against Plaintiffs' legal strategy" and the "large amount of time and resources" spent "defending itself against the allegations in the Complaint and the Amended Complaint."[45]

---

[38] *Id.* (quoting *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001)).

[39] *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001).

[40] Def. Mot. to Strike [Doc. No. 32] at 6 ("Specifically, Plaintiff Soroka alleges that he was falsely accused of retaliation in August of 2019. Plaintiff Soroka has not provided any reason for waiting until February 2020 to attempt to amend the Complaint.").

[41] *See* Mot. for Leave, Ex. 2 [Doc. No. 30-2] at 22, 23.

[42] *See* Proposed Second Amend. Compl. [Doc. No. 30] ¶¶ 20, 25.

[43] *Arthur v. Maersk, Inc.*, 434 F.3d 196, 204 (3d Cir. 2006).

[44] *Cureton*, 252 F.3d 267, 273 (3d Cir. 2001).

[45] Def. Mot. to Strike [Doc. No. 32] at 6.

The new claims of discrimination under Title VII and PHRA are based upon the same factual allegations as those contained in the original Complaint and repeated in the First Amended Complaint. Any additional discovery for these claims is likely minimal. Furthermore, adding additional legal theories based on existing allegations is generally not considered prejudicial before the summary judgment stage.[46] Although the retaliation claim may require some additional discovery, because the alleged retaliation is in response to this action and is related to the underlying claims of discrimination, the Court finds that the benefits of judicial economy outweigh the potential need for additional discovery.[47] Granting leave to amend would not prejudice Defendants.

## IV.   CONCLUSION

The Court will grant Plaintiffs leave to file a second amended complaint that comports with this memorandum opinion. An order will be entered.

---

[46] *See, e.g,. Adams v. Gould Inc.*, 739 F.2d 858, 869 (3d Cir. 1984).

[47] *See Mullin v. Balicki,* 875 F.3d 140, 149–50 (3d Cir. 2017). Plaintiffs note that they conducted depositions on several people involved in the new retaliation claims, including Defendant Wilson, in October 2019. *See* Pl. Resp. in Opp. Mot. to Strike [Doc. No. 36] at 5.

8